IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHERON G. TERRELL | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv111 |
| ZACHARY D. ROTH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Sheron G. Terrell, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 against Zachary D. Roth, Richard L. Ward, Brandon E. Miles, Elton J. Miles, Brenda Vallejo, Taliesen Stern, Blake Lamb and M. Blalock. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff alleges that on February 4, 2017, defendant Roth wrote a disciplinary case against him for fighting without a weapon. He states the case was based on an incident where he had to physically restrain his cell mate, George Hernandez. After plaintiff restrained him, Mr. Hernandez became calm and plaintiff got off of him.

About five minutes later, defendant Roth and another officer were passing out paper bags containing food. After plaintiff told the officers about the altercation, defendant Roth ordered plaintiff to come out of the cell. After defendant Roth placed plaintiff in hand restraints, Mr. Hernandez approached the cell door and spit blood and saliva on plaintiff and defendant Roth. Mr. Hernandez also yelled a racial epithet.

After plaintiff had been in the holding cage for 10-15 minutes, he saw Mr. Hernandez being escorted past the holding case. Mr. Hernandez shouted another racial epithet and tried to run towards plaintiff in the holding cage. However, the escorting officers restrained Mr. Hernandez and took him to the medical department in another building.

Plaintiff was also taken to the medical department for a pre-hearing detention physical evaluation. Defendant Ward asked him what was wrong with Mr. Hernandez. Plaintiff said he did not know, but that Mr. Hernandez had been complaining to officers all night and asking them to call medical personnel. Defendant Ward asked whether Mr. Hernandez was using drugs or drinking alcohol. Plaintiff replied that he probably was. Defendant Ward then took a picture of plaintiff. He told plaintiff not to worry because he knew Mr. Hernandez was intoxicated and mentally unstable.

A couple of days later, plaintiff was interviewed by defendant Vallejo, a counsel substitute. She told him defendant Roth had charged him with fighting without a weapon. Plaintiff told defendant Vallejo what had actually happened. He also gave her information concerning his cell mate's psychological history.

Plaintiff alleged defendant Vallejo failed to interview witnesses and Mr. Hernandez prior to his disciplinary hearing. He also states she failed to obtain exculpatory evidence plaintiff had described to her. Plaintiff states Mr. Hernandez was transferred to the Skyview Unit prior to the disciplinary hearing.

Defendant Stern presided at plaintiff's disciplinary hearing. Plaintiff asserts defendant Stern was biased and stated he was not going to believe plaintiff's testimony over testimony from correctional officers. Plaintiff was found guilty of a disciplinary offense. He received the following punishment: (1) loss of 30 days of good conduct time credits; (2) 30 days of cell and commissary

restriction and (3) forced to remain in the same good time earning classification. Plaintiff was subsequently demoted to a more restrictive custody classification.

Plaintiff states he believes the disciplinary case was written against him in retaliation for testimony he gave in a federal court case. He states correctional officers do this as a routine practice to encourage prisoners not to file grievances. Plaintiff also asserts the disciplinary case may have been written in retaliation for staff assault at the Beto Unit in 2001.

Plaintiff states he filed a Step 1 grievance concerning the events described above. Defendant Lamb denied the grievance. A Step 2 grievance plaintiff filed was denied by defendant Blalock.

<u>Standard of Review</u>

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if it: (1) is frivolous, malicious or fails to state a claim or (2) seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does factual allegations and legal conclusions, is frivolous when it lacks an arguable basis either in law or fact." The Court also states that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*.

at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and favorably construed to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

*False Disciplinary Case*

Plaintiff alleges defendant Roth filed a false disciplinary case against him. These allegations are construed as a claim for malicious prosecution. However, there is not a freestanding claim for malicious prosecution in a civil rights lawsuit. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Further, a claim that a proceeding was brought against a plaintiff without sufficient cause does not state a claim upon which relief may be granted. *Id*. As a result, plaintiff's allegation that the disciplinary case was false fails to state a claim upon which relief may be granted.

*Counsel Substitute*

Plaintiff states defendant Vallejo failed to properly perform her duties as his counsel substitute. Title 42 U.S.C. § 1983 provides that in order to be liable in a civil rights lawsuit, a defendant must act under color of state law. However, a counsel substitute does not act under color of state law. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Plaintiff has therefore failed to state a claim upon which relief may be granted against defendant Vallejo.

*Disciplinary Hearing*

Plaintiff also asserts defendant Stern denied him due process of law at his disciplinary hearing.

Plaintiff seeks money damages in this lawsuit. In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the actions which affected the duration of his confinement have been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This principle applies to prison disciplinary proceedings as well as criminal convictions. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997), and applies even if a plaintiff has been released from prison. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). A claim for damages based on imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a finding in favor of the plaintiff would necessarily imply the validity of the duration of his confinement. If it would, the claim must be dismissed unless the plaintiff can demonstrate that the proceeding being challenged has already been invalidated.

Here, plaintiff asserts he was denied due process of law in connection with a prison disciplinary proceeding which resulted in the loss of previously earned good conduct time credits. He states that defendant Stern disregarded evidence that established his innocence. A finding in his

favor would therefore necessarily imply that his disciplinary conviction was invalid, calling into question the validity of the duration of his confinement. Accordingly, plaintiff could only proceed with this claim if the *Heck* requirements regarding a prior finding as to the invalidity of the disciplinary conviction were satisfied. As plaintiff does not allege the *Heck* requirements have been satisfied, *Heck* prevents him from proceeding with this claim.

*Grievances*

Plaintiff alleges defendants Lamb and Blalock failed to properly consider and process his grievances. However, inmates do not have a constitutionally protected liberty interest in having grievances resolved, considered or processed to their satisfaction. *Geiger v. Jowers*, 404 F.3d 373, 374-75 (5th Cir. 2005). Plaintiff's allegations regarding his grievances therefore fail to state a claim upon which relief may be granted.

*Retaliation*

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, although it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individuals's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising

6

that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004). The plaintiff must allege more than his personal belief that he has been the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Plaintiff contends defendant Roth wrote the false disciplinary case against him in retaliation for plaintiff testifying in court or in retaliation for a staff assault. However, plaintiff has not alleged defendant Roth was aware of his testimony or the staff assault. As plaintiff has failed to allege more than his personal belief that he was the victim of retaliation, he has failed to state a claim upon which relief may be granted.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 29th day of April, 2022.

                                                             Zack Hawthorn
                                                             United States Magistrate Judge